IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONYA COLLIER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NANCY BUCKNER, ) | CASE NO. 2:15-CV-256-WKW |
| *in her personal and individual* ) | (WO) |
| *capacity and in her official capacity as* ) | |
| *Commissioner of the Alabama* ) | |
| *Department of Human Resources*, *et* ) | |
| *al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tonya Collier, Donald Lee Alexander, Ginger Lowery, and R.L.P. allege that Alabama Department of Human Resources ("DHR") officials deprived them of procedural due process in violation of 42 U.S.C. § 1983 and committed several state law torts when DHR placed them on a registry of "indicated" child abusers without affording them a due process hearing. Plaintiffs Donald Lee Alexander,[1] Brian Burroughs, and Marlo Saunders allege that they were placed on the registry as being the subject of child abuse reports that DHR investigators concluded were not valid (*i.e.*, child abuse was "not indicated"). Before the court

---

[1] Plaintiff Alexander had two child abuse reports investigated by DHR. After investigation, as to one of the reports, DHR concluded that child abuse was "indicated"; as to the other, DHR concluded that child abuse was "not indicated."

is Defendants' motion to dismiss (Doc. # 20). Upon consideration of the motion and the complaint, the court will deny the motion to dismiss and exercise its inherent power to dismiss Plaintiffs' shotgun complaint with leave to file an amended complaint.

## I.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.  DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that

the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit.  *Weiland*, 792 F.3d at 1320.  There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Plaintiffs have managed to satisfy all four traditional categories of shotgun pleading. This complaint is brought by six individual Plaintiffs against seven Defendants in their official and individual capacities. From the 39 pages of factual allegations in the complaint, such as they are, it appears that not all Defendants engaged in the same conduct, none of the Plaintiffs has claims against all Defendants, and none of the Defendants is alleged to have engaged in conduct that could give rise to all of the claims for relief. Nevertheless, each count "reallege[s] and adopt[s] all of the foregoing paragraphs and averments of the[ ] Complaint as set forth fully herein," (Doc. # 1 at 39-48), and is asserted by all Plaintiffs against all Defendants in both their official and individual capacities. Carelessly naming all Defendants in both capacities as to every claim without an arguable legal basis for doing so and failing to appropriately specify in which capacity Defendants are named both create substantial and unnecessary burdens for the parties and the court

in attempting to identify viable claims and define the issues for discovery and litigation.

Further, the complaint contains a number of factual allegations and legal contentions that appear to have no relationship whatsoever to the causes of action or claims for relief. Moreover, as Defendants point out, Plaintiffs' causes of action are stated using legal conclusions with no or minimal factual context so that it is impossible to know exactly what acts or omissions each Defendant is alleged to have committed as to which claim. For example, the state law claims for defamation, libel, and slander contain no explanation as to which Defendant might be responsible for tortious statements with regard to which Plaintiffs, what the statements were, or when or how the statements were allegedly published. The state law claim for conversion does little more than set out the legal elements of a claim for conversion, but gives no clue as to what was converted or who allegedly converted it. Counts I and II both assert claims for violations of due process pursuant to 42 U.S.C. § 1983, but Defendants (understandably) are unable to determine exactly what is being alleged in each count, or how the two counts differ. It appears likely, though, that Counts I and II each attempt to combine

multiple due process violations allegedly committed in different ways by various Defendants against various Plaintiffs.[2]

Defendants have undertaken significant effort to draft a motion to dismiss the complaint and whatever claims might be alleged in it.  However, it is "virtually impossible to know" from Plaintiffs' shotgun complaint "which allegations of fact are intended to support which claim(s) for relief" by which Plaintiffs against which Defendants, and in what capacity or capacities.  *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing "the perfect example of a shotgun complaint").  Thus, in considering the motion to dismiss, the court cannot "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320.

"Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 (11th Cir. 2010).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367.

---

[2] The court will trust Plaintiffs' counsel to draft a sufficient amended complaint without the court pointing out every deficiency in the original one.  It is Plaintiffs' responsibility to "present [their] claims discretely and succinctly." *Weiland*, 792 F.3d at 1320.

6

Thus, "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "If the trial judge does not quickly demand repleader [of a shotgun complaint], all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). As a case proceeds on a shotgun complaint, "[g]iven the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues." *Id*. Thus, it is particularly crucial for the court to ensure that justice is administered efficiently from the outset of each case.

Therefore, in accordance with the court's "power and duty to define the issues at the earliest stages of litigation," all of Plaintiffs' claims will be dismissed without prejudice to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Order. *Johnson Enters.*, 162 F.3d at 1333; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We have held that

district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*.")

### III.   CONCLUSION

Accordingly, based on this court's inherent power to manage its docket, it is ORDERED:

1. Plaintiffs' claims are DISMISSED without prejudice.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are given leave to file an amended complaint **on or before May 17, 2016**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

    a.   The amended complaint must set forth, with clarity, short and plain statements showing Plaintiffs are entitled to relief.  The body of the complaint shall contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) clear and concise allegations of fact showing that each Plaintiff is entitled to relief; (3) claims for relief set forth in separate counts of the complaint; and (4) a demand for relief sought.  Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).  Plaintiffs shall not add separate, additional sections that discuss relevant law or explain their contentions *about* the facts, the law, and their claims for relief. To the extent that Plaintiffs' contentions are relevant and material,

they should be included in the appropriate section of the complaint (*e.g.*, jurisdictional statement, statement of facts, or claim for relief).

b. The complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and material to Plaintiffs' claims. Plaintiffs must allege facts that make clear the nature of each Defendant's alleged involvement in each claim and how each particular Defendant violated the rights of particular Plaintiffs.

c. Plaintiffs "must state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim . . . founded on a separate transaction or occurrence must be stated in a separate count."[3] *Id*.

d. Plaintiffs may not simply incorporate all factual allegations by reference into every count; rather, Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count.

e. Counts that pertain to fewer than all Plaintiffs shall not be asserted on behalf of "Plaintiffs" as an entire group, and counts that pertain to

---

[3] For example, it is not practicable to state a single § 1983 claim that covers those Plaintiffs who are seeking expungement of a "not indicated" status and also those Plaintiffs who are seeking a hearing to challenge an "indicated" status.

fewer than all Defendants in all capacities shall not be asserted against "Defendants" as an entire group. The complaint should make clear which Plaintiffs and which Defendants *are and are not* subject to each count.

    f.    With respect to each count, the complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how he or she is alleged to be personally involved with the claim and the factual and legal grounds upon which he or she is alleged to be liable to which Plaintiff.

    g.    The complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted against which Defendant(s) *and in what capacity* (official capacity, individual capacity, both, or neither). Plaintiffs shall have a colorable legal basis for asserting each count or demand for relief against each particular Defendant in each specified capacity (individual or official). Fed. R. Civ. P. 11(b)(2).

3.    Defendants' motion to dismiss (Doc. # 20) is DENIED without prejudice to reassert any arguments that may be relevant to the amended complaint.

Plaintiffs are ADVISED that, if they do not file an amended complaint on or before **May 17, 2016**, this action will be dismissed without prejudice.  Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 27th day of April, 2016.

                                            /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE